United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAYLOR COOK,

        Plaintiff,

    v.

USAA GENERAL INDEMNITY COMPANY,

        Defendant.

Case No. 23-cv-01049-RS

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT, DENYING MOTION TO COMPEL ARBITRATION, AND REMANDING ACTION**

## I. INTRODUCTION

The parties in this action have filed opposing motions. On the one hand, Plaintiff moves to amend her Complaint to join United Services Automobile Association and to remand the case to state court because the joinder would destroy complete diversity. Defendant opposes remand and, on the other hand, moves to compel arbitration of some of Plaintiff's claims and stay the remaining claims. For the reasons discussed below, the motion to amend and remand is granted, and the motion to compel arbitration is denied.

## II. BACKGROUND[1]

Plaintiff Taylor Cook was involved in a car accident with another motorist in Sonoma County on May 2, 2022. Having sustained serious injuries, Plaintiff filed an insurance claim

---

[1] This section is drawn from the factual averments included in the Complaint, which is attached to Defendant's Notice of Removal. *See* Dkt. 1, Ex. 1.

1  against the other motorist, who was determined to be at fault, and recovered $25,000. Because her
2  policy includes underinsured motorist ("UIM") coverage, Plaintiff then made a written demand of
3  Defendant USAA General Insurance Company, Inc. ("USAA GIC") for $75,000 — the difference
4  between her UIM policy limit ($100,000) and the $25,000 she received from the other motorist.
5  Subsequently, an adjustor from USAA GIC responded to the $75,000 demand with a settlement
6  offer for $10,000.

   In light of the gulf between the demand and the settlement offer, Plaintiff brought suit in
   California Superior Court for the County of Sonoma. Plaintiff alleged both breach of contract and
   breach of the implied covenant of good faith and fair dealing due to Defendant's failure to provide
   the full amount under the UIM policy. Defendant promptly removed the action by invoking
   federal diversity jurisdiction, since Plaintiff is a citizen of California and USAA GIC is
   incorporated in Texas and has its principal place of business there. Shortly thereafter, the parties
   filed the two motions at issue here. First, Defendant filed a motion to compel arbitration to resolve
   the amount of UIM benefits to which Plaintiff claims she is entitled. *See* Dkt. 11. A day later,
   Plaintiff moved for leave to file an amended complaint to join United Services Automobile
   Association ("USAA"), which owns 100% of USAA GIC and, Plaintiff avers, "manages and
   controls" USAA GIC. Dkt. 12 ("Mot."), at 3. Because USAA is "considered to be a citizen of
   every state in which its members reside, including California," joinder would destroy complete
   diversity, thus necessitating remand. *Id.*

### III. MOTION FOR LEAVE TO AMEND AND REMAND

**A. Legal Standard**

The Ninth Circuit has a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where a party seeks leave to amend to join a non-diverse party after an action has been removed from state court, 28 U.S.C. § 1447(e), rather than Federal Rule of Civil Procedure 15, provides the appropriate standard. Under that section, the district court is required "either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court." *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). Ninth

Circuit courts consider the following factors in determining whether such joinder is appropriate under § 1447(e): "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases).

**B. Discussion**

In her proposed First Amended Complaint ("FAC"), Plaintiff alleges that USAA and USAA GIC are jointly liable under either an alter ego/single enterprise theory or a joint venture theory. Accordingly, she contends that the § 1447(e) factors weigh in favor of permitting amendment and remanding the case. Defendant, meanwhile, argues that adding USAA to this action would constitute fraudulent joinder. In light of the averments provided in the proposed FAC, Defendant's argument is unpersuasive.

In the initial Complaint, Plaintiff averred that USAA GIC, as well ten unnamed Doe Defendants, had all participated in the administration of Plaintiff's insurance policy. These Doe Defendants include "corporations, businesses, or other entities/persons engaged in the business of insurance." Dkt. 1, Ex. 1 ("Compl.") ¶ 4. The FAC, then, essentially proposes to substitute in USAA as one of these Doe Defendants. Per Plaintiff's declaration, there are around two dozen affiliated corporations under the USAA umbrella — of which USAA GIC is one. *See* Dkt. 12-2, Ex. E, at 14.15, 96. Notwithstanding this plethora of formally separate corporations, it is the main USAA, Plaintiff argues, that calls the shots. USAA employs the claims adjustors, *see* Dkt. 12-2, Ex. H ("FAC") ¶ 6, sets insurance policy guidelines, *id.* ¶ 26, and generally oversees USAA GIC, *id.* ¶ 31. The two companies also comingle their assets, *id.* ¶ 9, have overlapping board members, *id.* ¶ 7, and "market themselves as a joint entity, enterprise and/or conglomerate," *id.* ¶ 23.

For these reasons, Plaintiff asserts USAA is a necessary party to this litigation because it is "the principal actor" involved in the alleged misconduct, and both USAA and USAA GIC are subject to liability. Mot., at 5–6. Defendant disputes that USAA has anything to do with the alleged misconduct, and it notes Plaintiff has made no showing that she is unable to obtain complete relief from USAA GIC alone. However, looking to the averments contained in the FAC, it cannot plausibly be said that USAA "is only 'tangentially related' to the existing claims" against USAA GIC. *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 16-cv-00949-CAS(KSx), 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016). Rather, the two companies' actions appear to be significantly intertwined, such that tagging one or the other as liable is no easy task at this stage. By that same token, while it may ultimately be possible for Plaintiff to obtain "complete relief" from USAA GIC alone, it is difficult to make that determination without further development of the case on the merits. *Cf. IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that disallowing joinder of management employee "would hinder [the plaintiff] from asserting its rights against an employee directly involved" in the misconduct alleged). As such, USAA can reasonably be considered a necessary party under Rule 19, and this factor thus weighs in favor of permitting amendment.

Relatedly, Plaintiff's FAC certainly alleges viable claims against USAA. There are numerous examples of courts verifying that plaintiffs may bring claims against multiple affiliated insurance companies on the theories Plaintiff alleges — including against USAA and its affiliates. *E.g.*, *Napoleon v. U.S. Auto. Ass'n*, No. 21-cv-01259-TLN-AC, 2022 WL 355295, at *1–2 (E.D. Cal. Feb. 7, 2022) (suit brought against both USAA, captioned erroneously as "United States Automobile Association," and affiliate USAA Life); *Sturm v. U.S. Auto. Ass'n*, No. C 12-01810 WHA, 2012 WL 2135356, at *2–5 (N.D. Cal. June 12, 2012); *see also Tran v. Farmers Grp., Inc.*, 128 Cal. Rptr. 2d 728, 741–42 (Ct. App. 2002). Defendant argues that because the two companies are "separate entities as a matter of law," Plaintiff cannot raise viable claims against USAA. Dkt. 14 ("Opp."), at 14. Even to the extent that the companies are, in fact, separate legal entities (that is, technically separate corporations), this sidesteps the thrust of Plaintiff's theory articulated in the

FAC — which is that the two companies are so intermingled that they should be considered jointly liable. *See Tran*, 128 Cal. Rptr. 2d at 741 (notwithstanding that "sound public policy dictates that imposition of alter ego liability [should] be approached with caution, . . . it would be unjust to permit those who control companies to treat them as a single or a unitary enterprise and then assert . . . separateness in order to commit frauds and other misdeeds with impunity." (quoting *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 1 Cal. Rptr. 2d 301, 317 (Ct. App. 1991))). Moreover, Defendant provides no evidence to support the conclusion that the two companies are independent such that any claim against USAA is doomed to fail. *See Salkin v. United Services Auto. Ass'n*, 767 F. Supp. 2d 1062, 1066–68 (C.D. Cal. 2011). Plaintiff's FAC thus avers valid claims against USAA, and this factor also supports amendment.[2]

Defendant contends amendment should be barred because Plaintiff's motive is purely to destroy diversity. As other courts have noted, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (citing discussion of legislative history of § 1447(e)). Moreover, as described above, Defendant has not shown that USAA "cannot be liable on any theory." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). In addition, Plaintiff seeks to assert the same claims against both USAA and USAA GIC, rather than to bring new, unrelated claims against USAA. *E.g.*, *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1025 (C.D. Cal. 2002) (denying joinder where overlap of evidence was "so minimal that it would be inappropriate to grant leave" to amend). Even if the effect of joinder here is to destroy diversity, Plaintiff will not be imputed with this sole motive. This factor thus also weighs in favor of permitting amendment.

---

[2] Defendant also complains that alter ego/single enterprise liability and joint venture liability are "contradictory positions," since the former asserts two companies are acting as one, while the latter contends the two are acting separately toward a common end. Opp., at 10. Of course, Plaintiff is allowed to aver alternative theories in the Complaint. Fed. R. Civ. P. 8(d)(2).

1     Denying joinder here would also prejudice Plaintiff by requiring her to lodge a separate

2  state court action against USAA. True, as alluded to above, it may be the case that Plaintiff could

3  be made whole solely through an action against USAA GIC; but to the extent USAA may be on

4  the hook, litigating its liability separately would waste judicial resources. Defendant responds that

5  no suit against USAA is viable, an argument which is unpersuasive for the reasons articulated

6  above. It also notes that it would be prejudiced through remand, as it is an out-of-state defendant.

7  For one thing, as Plaintiff notes, it's not evident that prejudice to the defendant is even a relevant

8  consideration in this inquiry. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1011 ("whether denial of

9  joinder *will prejudice the plaintiff*" (emphasis added)). Even so, joinder would install USAA as an

10 in-state co-Defendant, mitigating any prejudice that remand would prompt. There is also no reason

11 to think Defendant will be deprived of its opportunity to "avoid an unwanted forum," including

12 arbitration. *Id.* at 1013. This factor therefore supports allowing amendment as well.

13     Finally, the procedural factors are essentially neutral here. First, the motion for leave to

14 amend was timely filed within a month of the notice of removal. There has been no delay in

15 seeking amendment, let alone any "unexplained delay," and this factor thus favors amendment and

16 remand. As to the statute of limitations, Plaintiff notes that California has a two-year statute of

17 limitations for claims involving breach of the covenant of good faith and fair dealing, and a four-

18 year statute of limitations for claims involving breach of contract. As these would expire, at the

19 earliest, in November 2024, there is no statute of limitations issue here, and this factor thus weighs

20 against joinder. *See Dunning v. Hallmark Specialty Ins. Co.*, No. 220CV02455ODWGJS, 2020

21 WL 6123133, at *3 (C.D. Cal. Aug. 11, 2020). In a sense, then, these factors cancel each other out.

22     Taking these considerations together, amendment and remand are warranted. Plaintiff's

23 FAC provides colorable claims against USAA based on its allegedly close interrelationship with

24 USAA GIC. To the extent USAA cannot be held liable, as Defendant repeatedly asserts, this is a

25 question that can be answered only at a later stage of litigation. The motion is therefore granted.

### IV. MOTION TO COMPEL ARBITRATION

27     Defendant separately moves to compel arbitration based on the contention that both

Plaintiff's insurance policy and California law require arbitration as to the amount of UIM benefits. This may be the case, and such a motion may be successful in state court. However, granting Plaintiff's motion destroys complete diversity, and thus deprives the Court of subject-matter jurisdiction, because USAA is considered a citizen of each state in which its members reside. *See, e.g.*, *Cady v. Am. Fam. Ins. Co.*, 771 F. Supp. 2d 1129, 1131 & n. 11 (D. Ariz. 2011) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). The motion is therefore denied.

## V. CONCLUSION

Plaintiff's motion for leave to amend is granted, and Defendant's motion is denied, without prejudice to any similar motions in state court. The First Amended Complaint is deemed filed in this case. USAA's joinder destroys complete diversity, and the action is accordingly remanded to the California Superior Court for the County of Sonoma. The case will be closed.

**IT IS SO ORDERED**.

Dated: June 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge